Catron, C. J.
delivered the opinion of the court.
The declaration states, that James with force and arms drove, chased, and set his dogs upon the mare of Caldwell, and thereby caused her to run upon and against a stake of wood, with great force and violence, so that said stake of wood penetrated the side of the mare, of which' she afterwards died.
It is moved to arrest the judgment, because the facts set forth will not support an action of trespass, m et ar-mis; and it is insisted for James, that the injury of the mare running on the stake was consequential, and' case could only be supported. . The dogs were the instruments of assault as much as a stone thrown from the hand would have been. The violently chasing the mare was in itself a trespass, if unlawful for the defendant to do so; but the declaration does not state this;' yet the chasing of the nag forced her on the stake, and the injury was immediate, and 'proceeded from the act of the defendant. The whole was but one act, as in Scott vs. Shepherd, for throwing a squib, 2 Wil. 403. In that case one was cited much in point to the present. It is this. “If a man be riding on the way, and another man striketh his horse, by which the rider fallelh and is hurt, he which is cast off his horse shall have trespass against the other. The stroke given is to the horse, and not to the rider, but he is instantly hurt by the fall, in consequence of the act of striking the horse.” This case rests on the ground that the defendant, in committing the trespass, used an agent, the horse ridden; but the whole was one act, proceeding from the defendant, and immediate in point of time. We therefore think this first ground against James, the plaintiff in error.
The next is, whether the proof sustained the declaration. The defendant, James, and some of his family were pulling corn in the field, and others hauling. One *41 of the smaller sons was muidme the gap nr the fence; tt 1 r • 11 . 1 , 1 Helelt it, and the mare wentin. I he boy set the dogs on her; she ran across the field, pursued by the dogs, and being partly blind, ran against the farther fence, and thrust a stake through her side.
That the father assented or dissented to the act is not proved, but must be inferred; and we can only say, as-did the court in Slater vs. Baker and Stapleton, (1 Wils. 362, cited 3 Wil. 409,) “that the plaintiff in this case ought to receive satisfaction seems to be admitted; so we will not look with eagle’s eyes to see whether the evidence applies exactly or not to the case, when we can see the plaintiff has .obtained a verdict for such damages as he deserves, but ,we will establish such verdict if possible.”
The constant course of this court has been in conformity to the doctrine holden above, and could not be otherwise without violating the act of 1809, making it our duty to decide causes without regard to nice technicalities. Let the judgment be affirmed.
Judgment affirmed.